UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KORTNEY DONAVON,<br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHMOND-HENRICO ARMS<br>LIMITED PARTNERSHIP,<br>　　　　Defendant. | Civil Action No. 3:25CV460 (RCY) |

**MEMORANDUM OPINION**

On June 13, 2025, Plaintiff Kortney Donavon ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a document styled as a Notice of Removal. IFP Appl., ECF No. 1; Not. Removal, ECF No. 1-1. The proposed filings also include an Emergency Motion to Stay Writ of Possession, a Motion for Discovery, and various unmarked attachments appearing to be state court records, ECF Nos. 1-2 through 1-8, as well as a subsequently filed Motion for TRO and Preliminary Injunction, ECF No. 1-10, and Emergency Motion for Injunctive Relief, ECF No. 2.

Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be granted. The Court will accordingly direct the Clerk to docket Plaintiff's Complaint and attendant exhibits and motions. However, the granting of Plaintiff's IFP Application notwithstanding, the Court finds that Plaintiff's claims suffer from defects that prevent the action from proceeding.

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

## I. SCREENING STANDARD

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed the operative Complaint.

## II. BACKGROUND

Plaintiff brings her action to this Court seeking relief from a state court Writ of Eviction issued on June 10, 2025. *See* Not. Removal 3, ECF No. 1-1; Writ, ECF No. 1-6.[2] She asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1441 (removal jurisdiction), and 1443 (civil rights case jurisdiction), because she asserts purported cross-claims against Richmond-Henrico Arms Limited Partnership ("Richmond-

---

[2] The Court utilizes the pagination assigned by the CM/ECF system.

2

Henrico Arms LP"), under the Fair Housing Act, 42 U.S.C. §§ 3604(f), 3617, and under federal civil rights statutes, 42 U.S.C. §§ 1983, 1985(3). Not. Removal 3–4. Plaintiff asks the Court to stay enforcement of the Writ of Possession/Eviction issued by the General District Court of Henrico County, issue injunctive relief prohibiting retaliation or eviction; grant declaratory relief regarding the federal rights at issue, and award damages as appropriate. *Id.* at 4.

### III. JURISDICTIONAL ANALYSIS

The Court finds that it must dismiss this case, for multiple reasons. First, the issues presented therein appear to be moot at this time. "The doctrine of mootness constitutes a part of the constitutional limits of federal jurisdiction." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citation omitted). "When a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and a court's subject matter jurisdiction ceases to exist also.'" *Id.* (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)). The Writ of Eviction was executed on June 20, 2025, and Plaintiff was evicted at that time. Emergency Mot. 2–3, ECF No. 2. While Plaintiff frames this as an unlawful act in violation of the stay of state court proceedings that should have taken effect in light of her "removal" of this action, the Court does not agree. Specifically, the unlawful detainer action in state court that Plaintiff purported to remove was not, in fact, removable, because the state court had already issued the Writ of Eviction and thus there was no controversy pending over which this Court could assume jurisdiction.

Furthermore, Plaintiff's asserted Fair Housing Act and civil rights claims are improper for this Court to consider as standalone claims, because she already asserted such arguments before the state court in opposition to the issuance of the Writ of Eviction. *See* Aff. Supp. Not. Removal ¶¶ 5–7, ECF No. 1-2, and so the Court's subsequent consideration of such claims would effectively

3

position it as a court conducting appellate review of a lower court's determination—which it is not. Plaintiff's proper course of action would have been to appeal the Henrico General District Court Writ through the state system, not to ask this Court to insert itself into the state proceedings.

Finally, even had the Court taken up the issues raised in Plaintiff's papers prior to the execution of the Writ of Eviction, 18 U.S.C. § 2283 (hereinafter "Anti-Injunction Act") precluded the relief sought. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 18 U.S.C. § 2283. These "exceptions should not be enlarged by loose statutory construction." *Atlantic C. L. R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). Further, "the Act's prohibition on enjoining state court proceedings applies to any such proceeding pending at the time the federal court acts on the request for injunctive relief, regardless of when the state court action was filed." *Denny's Inc. v. Cake*, 364 F.3d 521, 531 (4th Cir. 2004) (emphasis in original). Because the state court first assumed jurisdiction over the property subject to Plaintiff's action, this Court lacked authority under the Anti-Injunction Act to enjoin that proceeding.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be granted. However, given the Court's holding that it is without subject matter jurisdiction over the controversy, the Court will dismiss the action. The Court accordingly does not reach Plaintiff's pending Motions.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: January 28, 2026
Richmond, Virginia